No. 11,748.

FRIES v. THE PEOPLE.

Decided January 10, 1927.

Plaintiff in error was convicted of possessing a still.

*Affirmed.*

*On Application for Supersedeas.*

1.   CRIMINAL LAW—*Evidence—Accomplice.* In a prosecution for possessing a still, record reviewed and the contention that the evidence against defendant was solely that of an accomplice, overruled.

2.    *Misconduct of District Attorney.*   In the trial of a criminal case, when the prisoner's counsel states facts on a certain point, he cannot complain that counsel for the prosecution does likewise on the same point.

3.    *Misconduct of District Attorney.*   In a criminal case, if the guilt of defendant is plain, misconduct of the district attorney will be overlooked.

4.    *Failure of Defendant to Testify—Comment.*   In the trial of a criminal case, while no argument is permitted on the fact that defendant does not testify, the rule does not bar all comment concerning his failure to offer any evidence at all.

5.    INSTRUCTIONS—*Criminal Law—Still—Possession.*   The contention that an instruction in a prosecution for possessing a still in effect told the jury that any control or dominion amounts to possession, overruled.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

FRIES was convicted of possessing a still, brings error and moves for a supersedeas. We think the judgment was right.

It is claimed that the evidence against him was solely that of an accomplice, but that is not correct. In addition to the testimony of the accomplice there was undisputed evidence of defendant's presence, parking his car night after night at or near the still, with no purpose disclosed other than to use it.

Misconduct of the district attorney is charged. Keirstein, the accomplice on whose testimony the case chiefly depended, had testified under cross-examination that there was no agreement or understanding concerning his immunity, and the counsel for the defense had stated in the presence of the jury in argument upon an objection to evidence, "I never heard of a case in which the state's witness or accomplice was tried." Thereafter, in his closing argument, the district attorney said, "I say that Keirstein is not going out of this courtroom without some punishment." Defendant's counsel objected, * * * "He is stating a fact of what he is going to do." The District Attorney: "I am stating it because counsel has told the jury that Keirstein will not be prosecuted for this offense." Mr. Hornbein: "I have not. You have no right to make a personal statement, * * * I have a right to argue the inference from the situation and you have the same right, but you cannot put your personal word in there." * * *

Counsel for the defendant takes the position that he merely argued from the evidence and common knowledge that Keirstein would receive immunity, while the district attorney informed the jury what would be done with him; but the defendant's advocate went a step farther than he claims he did; he asserted a fact, i. e., his own experience, to bolster up his claim that the witness would receive immunity. When the prisoner's counsel states facts on a certain point he cannot complain that the counsel for the prosecution does likewise on the same point.

In addition to the above, if guilt is plain, misconduct of the district attorney will be overlooked (*Miller v. People,* 70 Colo. 313, 317, 201 Pac. 41), and under the evidence before us, all of which we have read, no twelve men outside a jury box could doubt defendant's guilt.

The defense offered no evidence, and it is claimed that the insistence by the district attorney on the fact that the evidence was undisputed was therefore comment on

the fact that defendant did not himself testify.  There are cases that so hold, but we do not agree with them. The fact that a man accused of wrong does not deny or explain it, is regarded, universally and rightfully, in and out of court, as evidence of guilt.  This is plain common sense.  To forbid a juror to follow this reasoning is to require of him an impossibility, and merely results in confusing his mind, but is law; to forbid all argument on this line of reasoning is one way of supporting the fiction; but to say that no comment shall be made on the fact that the accused offers no evidence at all, though it carries this fiction to its logical conclusion, yet results merely in further and greater absurdity* to which we are not willing to follow it.

The counsel for defendant commented on the severity of the penalty and the district attorney, in his argument said: "Why didn't counsel tell you that if he conducts himself in a proper manner for a couple of months he can be paroled, and if he is a good citizen he has an opportunity to show it."  We answer the objections to these remarks as we answered those above.

The district attorney in argument said: "I say, my friends, that the evidence in this case is undisputed. The court tells you that I shall not comment upon those things which are outside this case, and so may it be," and it is urged that by "things which are outside this case" he must have meant defendant's failure to testify; but that is not a necessary conclusion.  There were many matters outside of this case as of every case, to which he might have referred.

The court instructed the jury: "You are instructed that possession does not necessarily mean physical possession or control, or ownership or operation, but in this law possession means the exercise of some control or dominion over the still either by himself or jointly with

---

* I. e., Opposition to manifest truth (Webster).

others by or through some other person. The mere presence of defendant at or near the still is not alone sufficient to justify a conviction unless other facts or circumstances show that defendant by himself or through others was exercising some dominion or control over the still.''

It is claimed that the effect of this instruction is that any control or dominion amounts to possession. We do not think so. ''Some control or dominion'' looks that way, but the context makes the matter clear.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE ALLEN not participating.