No. 15,196.

CAHILL *v.* THE PEOPLE.
(138 P. [2d] 936)

Decided May 24, 1943.

Mr. A. R. MORRISON, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFF in error, herein designated as defendant, was convicted in the district court of Teller county of the larceny of livestock and here seeks a reversal of such judgment. The prosecution arose from the same transaction involved in the case of *Cahill v. People* (111 Colo. 29, 137 P. [2d] 673), in which the conviction of the plaintiff in error therein, Lester Cahill, a brother of defendant in the case at bar, recently was affirmed. The trials were held separately, but the evidence of the people was similar in both cases. A resumé of such evidence, in which reference is made to the defendant herein as John Cahill, is contained in the opinion in *Cahill v. People, supra,* and so, being readily accessible in this volume of our reports, no summary of the facts need be repeated herein. Because of the similitude in the evidence admitted and the parallelism in procedure and events in the trials, which were consecutive, many assignments of error are common to both cases and a number of such were considered and decided in *Cahill v. People, supra.* Thus, that decision concluded adversely to the contention of defendant here the objections, to which principally he directs his principal arguments herein. First, the court erred in permitting the sheriff and undersheriff to relate to the jury an alleged confession of defendant, without preliminary inquiry out of the presence of the jury as to its voluntariness. (The confession in the case at bar, which more aptly might be called "admissions," allegedly was made at the same time and place as that of Lester Cahill and in his presence, under the circumstances mentioned in the opinion

of *Cahill v. People, supra.* Testifying in the case at bar for the defense, Lester simply denied that Johnny or he told the story attributed to them by the officers and said nothing imputing that what was said by either was uttered involuntarily). Second, that the evidence was insufficient to prove, as charged, the ownership and possession by Sumner Osborn of the cattle at the time of the alleged theft. Third, that the court erred in refusing to give defendant's tendered Instructions Nos. 3 and 4, No. 3 being identical with the tendered instruction first quoted in full in the opinion of *Cahill v. People, supra,* and No. 4 being premised on the same principle. Fourth, that the court erred in giving Instruction No. 3 which defined the criminal offense involved in the precise language of section 93, chapter 48, '35 C.S.A. Fifth, the court erred in curtailing the cross-examination of witnesses for the people relative to the circumstances under which the alleged confession was made.

The reasons for our decision with respect to the above matters, set forth in detail in the opinion of *Cahill v. People, supra,* are pertinently and specifically applicable in the case at bar and need not be stated again.

The remaining assignments of error, presenting questions which did not arise in the Lester Cahill trial, have to do with: (1) The admission of evidence; (2) refusal of an instruction tendered; and, (3) certain remarks made by counsel for the prosecution in arguments to the jury.

█ Within the first category as "striking examples" of error with respect to rulings on the admission of testimony, the brief of counsel for defendant cites two occurrences. A consideration of the record in its continuity discloses the insignificance of these incidents as bases for prejudicial error. The first took place during the recross-examination of Katherine White, a witness for the people when the following transpired:

"Q. What became of the three cattle or the three cows with the K Bar C brand on them, if you know of

your own knowledge? A. They were stolen along with the rest of them.

"Q. Were you there? A. No, sir.

"Q. Did you see someone steal them? A. No, sir.

"Q. Then, will you tell the jury, of your own knowledge, how you know they were stolen? A. Well, there has been plenty of proof that they were stolen, through the stockyards in Denver and through the confession that has been made by the men that stole them.

"Mr. Morrison: I move to strike that out as not responsive.

"Mr. Foard: [Assistant District Attorney] He asked her if she knew.

"The Court: I will let it stand."

It is said reversible error arose from the failure of the court to sustain the motion to strike. The answer to which the motion was directed which gave the witness' view of the effect of the evidence already before the jury, did no more than accentuate, as she consistently admitted, that she had no personal knowledge of the theft. Considering her previous admissions in this respect and the form of the question, it cannot be considered that counsel was surprised by the answer or that the cause of defendant was injured in any degree thereby.

■ The second incident arose when a witness for the people began to read from an exhibit, purportedly a record of the Denver Stockyards, which had been identified but not admitted in evidence. Before the witness had read more than the date, the number of cattle mentioned and made the statement that the exhibit gave a truck number, which was not disclosed, counsel for defendant objected and moved to strike the testimony already given on the ground that the exhibit was the best evidence. The district attorney then offered the exhibit which the court refused to admit because of deficiencies in its identification, and thereupon sustained defendant's motion to strike, stating: "Gentlemen of the

jury. You should not consider for any purpose the testimony concerning this exhibit." Clearly no prejudicial error arose in these circumstances.

■ Defendant tendered, and the court refused to give, the following instruction: "That in determining the issues in the case you shall not consider anything which you have heard or read outside of this court room; nor shall you be influenced thereby in considering the guilt or innocence of this defendant." Counsel for defendant concedes that ordinarily such an instruction might be out of place, but argues that it was proper here because of the possibility that the jury might have heard or read of the verdict of guilty returned in the Lester Cahill trial, immediately preceding. Even if this apprehension was warranted, we are satisfied other instructions given, as clearly and unequivocally as the one tendered, warned the jury of the impropriety of considering extraneous matters in arriving at its verdict. Illustratively, given Instruction No. 10 informed the jury: "It is your duty to consider carefully all the evidence in this case and be governed solely by it in arriving at your verdict, guided by the law as given you by the Court in these instructions * * *." The jury was further instructed (Instruction No. 11): " * * * It is your duty to try this case upon the law and the evidence, and upon that alone, and to render a true verdict thereon." It thus being apparent that since the subject of the requested instruction was covered by those given by the court, no error resulted from its refusal to give the one tendered. *Hopkins v. People,* 89 Colo. 296, 1 P. (2d) 937; *Peiffer v. People,* 106 Colo. 533, 107 P. (2d) 799.

■■ In the course of the closing argument on behalf of the people the following occurred: Mr. Roy Foard (assistant district attorney): "I have tried a good many criminal cases in the last year or so, and I am frank to say that this is the first one where absolutely no defense was presented by the defense. Mr. Morrison [counsel for defendant] I object to the remarks of counsel 'that

absolutely no defense has been presented by the defense.' The Court: I think it is a question for the jury. Mr. Foard (resuming his argument) The only witness produced was the brother of the defendant. He got on the stand and denied that he told the Sheriff what the Sheriff said he told him; but he never denied and the defense has not denied in any shape or form that the defendant committed this crime. * * * Mr. Morrison: Now I object to these remarks by counsel. The Court: Keep within the evidence, if you can, Mr. Foard. You may go ahead. Mr. Foard: (resuming his argument) All he said was that he didn't say and Johnny didn't say what the Sheriff said they said. He didn't deny the crime itself. He just denied what the Sheriff said, * * * ."

Defendant did not take the witness stand and his counsel argues that these remarks and another similar statement by the assistant district attorney, transgressed the rule prohibiting comment by the prosecutor on the failure of the accused to testify. It is to be observed that a considerable portion of the questioned remarks were directed to the testimony of the witness Lester Cahill, which was legitimately a proper subject for comment. The remaining observations came within the field of tolerance permitted by *Fries v. People,* 80 Colo. 430, 252 Pac. 341, wherein it was held that the rule in criminal cases precluding argument based upon the fact that the defendant did not testify, does not bar comment concerning the failure of the defense to offer evidence explaining or contradicting the testimony of the people.

In ordinary form the jury was properly instructed as to defendant's statutory right to testify or not, as he desired (chapter 48, section 488, '35 C.S.A.), and it was informed that, "The failure of the defendant to testify should not be taken or considered by the jury as any evidence of his guilt or innocence." For these reasons no error occurred in this connection.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE HILLIARD dissenting.

I dissent for the reasons expressed in my dissenting opinion in the case of *Cahill v. People*, 111 Colo. 29, 137 P. (2d) 673.