No. 24618

**John M. Hines v. The People of the State of Colorado**
(497 P.2d 1258)

Decided June 19, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant John M. Hines was charged with burglary and found guilty by a jury. By writ of error, he urges reversal on the ground that the prosecution's questioning and closing argument brought forth impermissible references concerning the fact that defendant had exercised his Fifth Amendment right to remain silent when questioned by the police. We agree, and therefore, reverse the judgment and remand this cause for a new trial.

The defendant was accused of burglarizing an apartment from which he removed a color TV set. A resident of the building saw the burglar remove the TV set and obtained the license number of his car. A detective traced the license number to a certain address. When he went to that address, he recognized the defendant's name on a mail box because of previous contact with him. The detective obtained several

photographs, including one of defendant, from police department files and showed them to the witness. She identified the defendant as the burglar. The defendant was thereupon arrested.

At trial, the detective narrated the events up to this point. He then testified that he interviewed the defendant shortly after his arrest and advised him of his constitutional rights. The detective testified that "at this time Mr. Hines stated that he did not want to make any statement to me concerning this offense." This comment was not met with any objection from defense counsel.

The defendant testified in his own behalf. The substance of his testimony was that he had been at the Rainbow Billiard Room and the Merry-Go-Round Lounge in North Denver from 8:00 p.m. to approximately 2:15 a.m. on the night of the burglary. The district attorney opened cross-examination of the defendant by asking the defendant if it was true that he had not told the detective about any part of his alibi when he was questioned after his arrest. This line of questioning also passed without any objection.

In closing argument, the district attorney in commenting upon the defendant's alibi testimony and its credibility, stated "And this innocent man waited until today to tell anybody about it." No objection was made to this comment.

■ The defendant in substance asserts that he was unconstitutionally prejudiced by the district attorney's questioning and closing argument, the composite of which brought forth with clarity for the jury's consideration the fact that he had exercised his Fifth Amendment right to remain silent when questioned by the police after his arrest. Although defendant's trial counsel did not make any contemporaneous objections nor raise this issue in his post-trial motion, we, nevertheless, will consider this alleged error because it involves a fundamental right which has purportedly been violated. *United States v. Nolan,* 416 F.2d 588 (10 Cir. 1969); *United States v. Brinson,* 411 F.2d 1057 (6 Cir. 1969); *Walker v. United States,* 404 F.2d 900 (5 Cir. 1968); *People v. Brown,* 83 Ill. App. 2d 457, 228 N.E.2d 505

(1967); *People v. Harris*, 83 Ill. App. 2d 422, 228 N.E.2d 179 (1967).

We have studied most of the authoritative cases involving situations where the prosecution's questioning and oral argument have made it clear to a jury that a defendant has exercised his constitutional right to remain silent. The clear weight of authority favors a reversal in such a situation where the prosecution has thus utilized the defendant's silence as a means of creating an inference of guilt. We agree, and hold that a defendant may not be so penalized by the exercise of his Fifth Amendment right to remain silent in the face of accusation. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Arnold*, 425 F.2d 204 (10 Cir. 1970); *United States v. Semensohn*, 421 F.2d 1206 (2 Cir. 1970); *United States v. Nolan, supra; United States v. Brinson, supra; Fowle v. United States*, 410 F.2d 48 (9 Cir. 1969); *Walker v. United States, supra; Gillison v. United States*, 130 U.S. App. D.C. 215, 399 F.2d 586 (1968); *United States v. Mullings*, 364 F.2d 173 (2 Cir. 1966); *Baker v. United States*, 357 F.2d 11 (5 Cir. 1966); *State v. Ford*, 80 N.M. 649, 459 P.2d 353 (1969); *People v. Christman*, 23 N.Y.2d 429, 297 N.Y.S.2d 134, 244 N.E.2d 703 (1969); *People v. Brown, supra; People v. Harris, supra; State ex rel. Riendeau v. Tahash*, 276 Minn. 26, 148 N.W.2d 557 (1967).

We are not persuaded that *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) is authority for any different result. The *Harris* situation is readily distinguishable from the facts of the instant case. In *Harris*, prior inconsistent statements, not admissible as evidence in the prosecution's case-in-chief, were involved. In the instant case where the right to remain silent is involved, there obviously is no such prior inconsistent statement and, therefore, there is nothing upon which to impeach the defendant's trial testimony in this respect. If the defendant had made a prior inconsistent statement, then efforts to impeach by the use of that statement would have been proper under *Harris*.

We have noted the recent Fifth Circuit case of *United*

*States v. Ramirez,* 441 F.2d 950 (1971) which equates silence with prior inconsistent statements or conduct. We do not agree that the reasoning of the *Ramirez* case could be applied here because the *Ramirez* facts are entirely different than the facts of the instant case.

The district attorney here has gone far beyond the danger point of potential prejudice referred to in *Johnson v. People,* 172 Colo. 406, 473 P.2d 974 and therefore reversible error is clearly demonstrated here.

We note that this problem in relation to alibi need not arise in the future because Crim. P. 12.1 now provides that a defendant must file notice of an alibi if he intends to rely on alibi as a defense.

The other assignment of error is without merit and requires no discussion.

The judgment is reversed and this cause remanded for a new trial.

MR. JUSTICE KELLEY not participating.