## No. 24677

**Martin James Eder and Harris Wilson Green v.
The People of the State of Colorado**
(498 P.2d 945)

Decided July 3, 1972.

Robert Bruce Miller, for plaintiff in error Martin James Eder.

Zook, Love & Torke, David R. Torke, for plaintiff in error Harris Wilson Green.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Jack E. Hanthorn, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE GROVES.

The defendants Eder and Green were convicted in a jury trial of possession of a narcotic drug. We reverse as to Green for the court's failure to grant a severance and as to Eder for the court's refusal to permit his counsel to cross-examine a witness called by Green.

An apartment in Boulder, Colorado was searched under a

search warrant and a box containing hashish was seized. The apartment consisted of a living room, a kitchen and two bedrooms, each bedroom containing two beds. The defendants Eder and Green occupied one bedroom, and a Phil Chang and Robert Powell occupied the other. Chang pled guilty to use of marijuana and the possession charges against him were dismissed. Powell was not charged.

The box containing the hashish was found on a shelf in the closet of the bedroom occupied by Eder and Green. A wallet containing identification pertaining to Eder was found either on top of or underneath this box.

I.

It was the theory of each defendant that the hashish belonged not to him, but to the other defendant. Prior to and during the trial each defendant asked for severance of the trial, all of which motions were denied. When the People rested and defendants' counsel stated that Green would take the stand and Eder would not, Green's attorney requested that he be permitted to comment in argument as to Eder's silence or that there be a severance. The court denied both requests.

Generally, a trial court's discretion in granting or denying a severance is broad, and its action will be upheld in the absence of a clear abuse of discretion. However, upon consideration of the following factors, we have been obliged to conclude that the joint prosecution may have prevented Green from having a fair trial. (1) The defenses of the defendants were antagonistic. Perhaps the fact of antagonistic defenses may not always demand a severance, but certainly this justifies separate trials in many instances. See 54 A.L.R.2d 858 *et seq.* (2) Obviously, with Eder's guilt or innocence being weighed by the jury along with Green's, Green's attorney could not comment on Eder's silence, for to do so would have violated Eder's Fifth Amendment rights. But there is an element of unfairness in denying Green any favorable inference to be drawn from Eder's silence. *DeLuna v. United States,* 308 F.2d 140 and 324 F.2d 375 (5th Cir., 1962 and 1963). (3) It is entirely conceivable that in the case

of a severance and a prior trial of Eder, he might testify for Green in Green's subsequent trial. *United States v. Echeles,* 352 F.2d 892 (7th Cir., 1965). (4) There is also the factor that circumstantial evidence against Eder appears to be stronger than that against Green by reason of the common location of the hashish and what appeared to be Eder's wallet. Eder's position here is comparable to that of Petty in *Petty and Smith v. People,* 167 Colo. 240, 447 P.2d 217 (1968).

Any single one of the factors outlined above might not make denial of the severance an abuse of discretion. Combining all of them, however, it cannot be said that Green had a completely fair trial and, therefore, we must reverse for a new, separate trial.

## II.

Green called Powell, who testified that Green had been at the apartment only infrequently during the two weeks prior to the search and that none but Eder and Green used the closet to their bedroom. The trial court refused to permit Eder's counsel to cross-examine Powell, ruling that Powell had not given any testimony that directly related to Eder.

Under *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the Sixth Amendment right of Eder to confront the witnesses against him, made obligatory upon the states by the Fourteenth Amendment, was violated when the court ruled that counsel for Eder could not cross-examine Powell. The Attorney General urges that the trial court was correct in its proposition that there is no right of cross-examination if the witness does not incriminate the defendant, citing *United States v. Mercks,* 304 F.2d 771 (4th Cir. 1962); *Siglar v. United States,* 208 F.2d 865 (5th Cir. 1954); *State v. Moore,* 101 N.W.2d 579 (N.D. 1960); and *State v. Mason,* 215 S.C. 457, 56 S.E.2d 90 (1949). We agree with this proposition, but it cannot be said here that Powell's testimony did not incriminate Eder. We agree with the following statement of counsel:

"Because possession of contraband may be inferred from possession of the premises in which it is found, it is clear that

evidence weakening this inference as to Defendant Green could not but strengthen it as to Defendant Eder. Certainly, if Eder lived alone in the bedroom in question, the inference of crime would be great. If the jury believed that Eder lived almost alone, Green being absent most of the time, then they may well have found Eder's guilt to have been highly probable on this basis alone. By being denied his right to cross-examine Powell, Eder was denied his right to counter this increased probability, this strengthened inference."

III.

The defendants argue that under the rule of *Petty v. People*, 167 Colo. 240, 447 P.2d 217 (1968), the evidence was insufficient to show exclusive or joint possession on the part of either defendant. Under the particular facts here, we cannot declare that to be the case as a matter of law. The facts here were sufficient to go to the jury and it was for it to determine whether either or both defendants had possession.

IV.

Defendants have attacked the basis of the search. We find the attack without merit.

The judgment is reversed and the cause remanded with directions to grant each of the defendants a new and separate trial.

MR. JUSTICE KELLEY, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.