## No. 25626

### The People of the State of Colorado v. J. B. Mingo
(509 P.2d 800)

Decided May 14, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

William M. Cohen, for defendant-appellant.

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant was convicted in 1966 of grand larceny and of being an habitual criminal. An appeal to this court resulted in affirmance of that judgment, *Mingo v. People,* 171 Colo. 474, 468 P.2d 849 (1970).

A Motion to Vacate Sentence and Conviction filed pursuant to Crim. P. 35(b) was granted as to the habitual offender conviction and resulted in a re-sentencing. This appeal concerns those portions of defendant's 35(b) motion which the district court denied: namely, the setting aside of the larceny conviction, and the granting of a new trial. The attorney general confesses error. We agree.

I.

The primary argument put forth here by the defendant is based upon his constitutional right against self-incrimination, U.S. Const. Amends. V, XIV; Colo. Const. art. II, § 18. Defendant asserts that at trial, the prosecution introduced testimony showing that the defendant refused to

answer certain questions while undergoing custodial interrogation by police officers. The inference most likely to be drawn from such testimomy was that the defendant was . guilty and that an honest answer would incriminate him.

The People have confessed error based on our holding in *Hines v. People,* 179 Colo. 4, 497 P.2d 1258 (1972). It is clear that such testimony was inadmissible under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), wherein the United States Supreme Court held:

"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. *The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation* . . . ."

It should be noted that the prosecutor compounded this error during closing argument by calling attention to defendant's failure to testify. *Meader v. People,* 178 Colo. 383, 497 P.2d 1010 (1972); *Montoya v. People,* 169 Colo. 428, 457 P.2d 397 (1969); *Martinez v. People,* 162 Colo. 195, 425 P.2d 299 (1967).

## II.

To avoid uncertainty in the event of a retrial of this case, we note a further issue raised by defendant in this proceeding, but which was not raised in the appeal on the merits. *Mingo v. People, supra.*

Defendant contends that larceny is a specific intent crime and that the trial court should have given instructions to the jury on the element of specific intent to steal. We agree.

It is generally accepted in Colorado and elsewhere that larceny requires the specific intent to permanently deprive an owner or possessor of the property taken. *People v. Gallegos,* 130 Colo. 232, 274 P.2d 608 (1954); 2 *R. Anderson, Wharton's Criminal Law and Procedure* 80 (1957). An instruction on general intent is inadequate guidance for a jury deliberating a specific intent crime. *Gonzales v. People,* 166 Colo. 557, 445 P.2d 74 (1968).

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE DAY does not participate.