No. 25469

### The People of the State of Colorado v.
### Ralph A. Robles and Alexander Roses
(514 P.2d 630)

Decided September 24, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal by codefendants, both convicted of

robbery with a dangerous weapon, C.R.S. 1963, 40-5-1, and conspiracy to commit the same crime, C.R.S. 1963, 40-7-35. The Attorney General has confessed error as to the issues presented by appellant Robles. Contested, however, is the single issue presented by appellant Roses. We agree that Robles' conviction must be reversed. We affirm Roses' conviction.

On March 18, 1971, a cab-driver responded to a 2:30 A.M. call for service. When he arrived at the designated address, he was confronted by a man with a knife who demanded his money. The driver resisted, wrestling with the man until his assailant said, "Shoot him." Looking up, the cab-driver saw another man pointing a shotgun at him. All resistance ceased. Both the driver's and the cab company's monies were taken.

The cab-driver subsequently selected a photograph of the defendant Robles and identified him as the man with the knife. He also identified Robles in a line-up. In addition, he identified defendant Roses as the man with the shotgun in a separate line-up. Both defendants were then convicted by a jury and appeal to this court.

## Robles' Appeal

Robles presents two grounds for reversal. Because we agree with the Attorney General's confession of error as to both issues, we only discuss Robles' appeal to the extent necessary to note our disapproval of the errors below.

■■ At trial, Robles testified as a witness for the defense. On cross-examination, the district attorney asked Robles whether he had "ever been in trouble before." Robles answered "no." The defense objected. The district attorney continued his line of questioning, eventually asking Robles whether he had not in fact been *arrested* for a felony. The apparent purpose of this line of questioning was to impeach Robles by innuendo that there was a prior felony conviction which the district attorney knew did not exist. Robles' prior "record" consisted only of a misdemeanor juvenile conviction. This action by the district attorney was clearly reversible error.

■ The statute on witnesses specifically states that a

witness in a criminal trial may only be impeached by showing a prior *felony conviction.* C.R.S. 1963, 154-1-1. It is immaterial what the grounds for arrest or the original charges were. *See also,* People v. Neal, 181 Colo. 341, 509 P.2d 598 (1973); *Velarde v. People,* 179 Colo. 207, 500 P.2d 125 (1972); *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). Nor can it be argued that Robles opened the door to this method of impeachment by denying his prior juvenile conviction. The question is improper in the first instance.

█ In addition to the above error, the record shows that the district attorney asked Robles questions which prejudicially reflected on his privilege against self-incrimination. We have repeatedly held that the prosecution may not refer to the defendant's right to remain silent, whether that right be exercised at trial or when first arrested. *People v. Wright,* 182 Colo. 87, 511 P.2d 460 (1973); *People v. Mingo,* 181 Colo. 390, 509 P.2d 800 (1973); *Meader v. People,* 178 Colo. 383, 497 P.2d 1010 (1972); *Hines v. People,* 179 Colo. 4, 497 P.2d 1258 (1972); *Montoya v. People,* 169 Colo. 428, 457 P.2d 397 (1969); *Martinez v. People,* 162 Colo. 195, 425 P.2d 299 (1967). *See also American Bar Association Standards of Criminal Justice Relating to the Prosecution Function* § 5.8.

Because either of these transgressions are sufficient to mandate reversal, we fully agree with the Attorney General's contention that Robles should receive a new trial.

### Roses' Appeal

As his sole ground for reversal, Roses argues that the trial court should have granted his motion for a separate trial.

Both defendants were tried for robbery with a dangerous weapon and conspiracy to commit the crime of robbery with a dangerous weapon. Roses filed a timely motion for severance pursuant to Crim. P. 14, stating that the prosecution intended to introduce evidence of the photographic and line-up identification of his codefendant Robles, that such evidence would be inadmissible against him and result in prejudice to him. The motion was denied, and the testimony was given.

█ A motion for a separate trial (except when a matter

of right — not present here — ) is addressed to the sound discretion of the trial court. *Kurtz v. People,* 177 Colo. 306, 494 P.2d 97 (1972). Absent an abuse of discretion resulting in prejudice to the moving defendant, a denial of a motion for severance will not be disturbed on appeal. *People v. Trujillo,* 181 Colo. 350, 509 P.2d 794 (1973). We fail to see how Roses was prejudiced by the in-court testimony relating to the identification of Robles. A line-up or photographic identification, unlike a confession or out-of-court admission which incriminates a codefendant, *e.g., Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), is entirely personal in nature. The only person truly prejudiced is the one so identified. Roses, who was selected from a separate line-up, cannot claim he was prejudiced by Robles' selection.

■ *Eder v. People,* 179 Colo. 122, 498 P.2d 945 (1972), relied on by Roses, is clearly not on point. In *Eder,* we held that where codefendants were charged with possession of drugs found in the abode of one the defendants severance was necessary to insure a "fair determination of the defendant's guilt or innocence," *citing American Bar Association Standards of Criminal Justice Relating to Joinder and Severance* § 2.2 (b)(i). Our decision in *Eder* was grounded on the presence of four factors in that case; (1) the defenses of the defendants were antagonistic; (2) one defendant took the stand and his attorney could not comment on the other defendant's silence; (3) one defendant, if tried first, could conceivably testify on behalf of the other at the later trial; (4) the evidence was largely circumstantial and stronger against one defendant. None of these factors are present here: (1) each defendant defended on the basis of alibi and testified they were not acquainted; these defenses are certainly not antagonistic, indeed they are wholly compatible; (2) both defendants testified at trial; (3) in view of the assertion that they did not know each other, it is doubtful whether one defendant could have testified for the other; (4) the evidence against both defendants was direct and it was not stronger against one or the other. The trial court's denial

of the motion for separate trial, therefore, was not error.

In light of the foregoing, Roses' conviction is affirmed. Robles' conviction is reversed and remanded for a new trial.