## No. 25497

### The People of the State of Colorado v. Frederick William Campbell

(531 P.2d 381)

Decided February 3, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

Defendant was convicted of aggravated robbery in the Boulder district court and appeals from that judgment. We reverse.

The facts are such as to indicate that the evidence to convict was tenuous at most. The Western Union office in Boulder was robbed by a man quite completely disguised by a cap pulled over the ears, a ski mask, sunglasses, gloves and a long coat. Later that day the defendant Campbell reported to the Boulder police that several items had been taken from his car. They later turned out to be the same clothing used as a disguise in the robbery. The defendant, who matched the general description of the robber, was arrested and charged with aggravated robbery. C.R.S. 1963, 40-5-1(2)(b). He was tried to a jury which returned a verdict of guilty.

The Western Union employees were not able to furnish any meaningful identification because the robber was so completely covered by the outer apparel. But as the man fled, a bystander followed and observed the clothing being discarded in an alley. He saw the alleged robber sans hat, mask, glasses and coat and gave a purported description to the police.

Nevertheless in two photo identification sessions — each time using fifteen photographs, including Campbell's — the witness was unable to identify the defendant. Later a live lineup was conducted, using Campbell and others. There the witness identified someone other than the defendant as the robber, even though Campbell's picture had been seen by him prior to viewing the lineup.

In the trial, with no identification, the People relied on circumstantial evidence to show the defendant's guilt. Expert testimony established that Campbell's hair was in the ski mask and his fingerprints were on a box in which the loot from the robbery was recovered. Also, prescription sunglasses similar to defendant's were found in the alley.

This evidence, however, was consistent with the fact that defendant admitted the items were his personal property which had been stolen from his car. The evidence also disclosed that the ski hat and coat held hair dissimilar to defendant's. Furthermore, there were fingerprints on the box which not only did not match Campbell's, but also did not match anyone else known to have

handled the box. In defense Campbell presented three alibi witnesses, who corroborated his testimony that he was at home at the time of the robbery. Each witness had given the same statement to the police at the time of the defendant's arrest.

After his arrest, the defendant gave a full statement of the crime being investigated but on advice of counsel who was present refused to answer questions about other unrelated crimes. The district attorney persistently highlighted this refusal to the jury.

The defendant contends that the prosecutorial conduct was such as to violate his Fifth Amendment rights. We hold the error was patently prejudicial and did deny defendant a fair trial.

We have repeatedly held that the defendant has a right to remain silent after arrest. Later, at trial, the prosecution may not allude to this silence as indicating a consciousness of guilt. That would impermissibly penalize the defendant for exercising his Fifth Amendment privilege against self-incrimination during police custodial interrogation. *U.S. Const.; Colo. Const.* art. 2, § 18; *People v. Robles,* 183 Colo. 4, 514 P.2d 630 (1973); *People v. Wright,* 182 Colo. 87, 511 P.2d 460 (1973); *People v. Mingo,* 181 Colo. 390, 509 P.2d 800 (1973); *Hines v. People,* 179 Colo. 4, 497 P.2d 1258 (1972); *Meader v. People,* 178 Colo. 383, 497 P.2d 1010 (1972); *Montoya v. People,* 169 Colo. 428, 457 P.2d 397 (1969); *Martinez v. People,* 162 Colo. 195, 425 P.2d 299 (1967). *See also American Bar Association Standards of Criminal Justice Relating to the Prosecution Function* § 5.8.

The people counter that the defense first introduced the issue of defendant's cooperation with police into the trial, thereby opening the door for pertinent cross-examination on that point. This was true, but the evidence on this point was that the defendant did indeed show a willingness to answer all questions relating to the crime under investigation, his whereabouts at the time and his report of the items allegedly taken from his car. However, he refused to answer questions about unrelated crimes. The trial court ruled not once but several times that the prosecution could show *only* that defendant was not totally cooperative. The court also ruled the prosecution would not be allowed to go into other improper, irrelevant and immaterial questions possibly prejudicial to the defendant.

■ Despite two admonitions outside the presence of the jury to cease this line of questioning, the district attorney attempted still a third time to associate defendant's failure to answer certain questions with an inference that defendant was involved in other crimes. Under these circumstances, the district attorney's persistent actions were intended to unduly direct the jury's attention to the defendant's exercise of his constitutional right not to testify.

■ We hold that in this case such conduct undoubtedly was prejudicial to the defendant, using the test in *Chapman v.California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). There the United States Supreme Court ruled that before any error involving the denial of a federal constitutional right can be held harmless, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the defendant's conviction. *See also Fahy v.Connecticut,* 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963).

■ We test the effect of the prosecution's conduct with the fact that this was a very close case. The eyewitness failed three times to identify the accused; the incriminating evidence was circumstantial, and capable of explanation by evidence other than the guilt of the accused. We believe there was a reasonable possibility that the conduct complained of could have tipped the scales against the defendant and contributed to his conviction. We therefore hold, under the circumstances of this case, that the prosecution's conduct was prejudicial error.

Because we reverse on the first issue, we need not consider defendant's other allegations of error.

The judgment is reversed and the cause is remanded for a new trial.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE ERICKSON concur.