**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Michael J. D'APICE, Defendant-Appellant.**

**No. 84CA1347.**

Colorado Court of Appeals, Div. I.

Sept. 11, 1986.

Rehearing Denied Nov. 13, 1986.

Certiorari Denied (People) April 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Michael J. D'Apice, appeals the judgment of conviction and the 16–year sentence based on a jury verdict finding him guilty of aggravated robbery and crime of violence. We reverse.

## I.

■ Defendant's main contention on appeal is that the trial court committed reversible error in allowing the prosecution, on cross-examination of defendant, to impeach his credibility with a New York youthful offender adjudication in which he had been found to have committed third degree burglary (an offense which, if committed by an adult in Colorado, would have been second degree burglary). He asserts that such an adjudication is not a *felony conviction* and, therefore, cannot be used for impeachment purposes pursuant to § 13–90–101, C.R.S. We agree.

■ Section 13–90–101, C.R.S., states that "the *conviction* of any person for any *felony* may be shown for the purpose of affecting the credibility of [any] witness." (emphasis supplied) This provision has been construed to limit an attack on credibility to showing an actual prior *felony conviction*. *People v. Robles,* 183 Colo. 4, 514 P.2d 630 (1973). A Colorado juvenile delinquency adjudication may not be used for impeachment purposes because such an adjudication does not occur in a criminal proceeding and, therefore, is not a felony conviction. *People v. Apodaca,* 668 P.2d 941 (Colo.App.1982), *reversed in part on other grounds,* 712 P.2d 467 (Colo.1985).

N.Y.Crim.Proc.Law § 720.35 (McKinney 1975) specifies that a "youthful offender adjudication is not a judgment of conviction for a crime or any other offense." The predicate conviction is *vacated* when the youthful offender finding is entered. N.Y. Crim.Proc.Law 720.20 (McKinney 1975); *People v. Cook,* 37 N.Y.2d 591, 376 N.Y. S.2d 110, 338 N.E.2d 619 (1975). It is analogous to the entry and subsequent expungement of a conviction pursuant to Missouri's deferred judgment and sentence statute, which we held, in *People v. Wright,* 678 P.2d 1072 (Colo.App.1984), not to be a "prior felony conviction" for impeachment purposes within the meaning of § 13–90–101, C.R.S. *See also People v. Pellien,* 701 P.2d 1244 (Colo.App.1985).

■ Since defendant had no viable prior felony conviction, the trial court erred in allowing the New York youthful offender adjudication to be used for impeachment purposes. Accordingly, because of its in-

**884**

herent prejudicial character, *see People v. Chavez*, 621 P.2d 1362 (Colo.1981), and the fact that the evidence connecting defendant to the offense charged was not overwhelming, the judgment of conviction must be reversed.

## II.

In view of the above disposition of this appeal, we do not address defendant's other contentions for reversal.

The judgment is reversed, and the cause is remanded for a new trial.

PIERCE and TURSI, JJ., concur.