The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Nathan BACA, Defendant–Appellant.

No. 02CA2036.

Colorado Court of Appeals, Div. V.

Oct. 7, 2004.

Certiorari Denied March 28, 2005.

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Lisa Weisz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

RUSSELL, J.

Defendant, Nathan Baca, appeals the judgment of conviction entered on jury verdicts finding him guilty of possessing cocaine. We affirm.

Defendant was stopped by a police officer for a traffic violation and consented to a search of the car. The search yielded a wallet containing $1,142 in cash and a duffel bag containing a digital gram scale and 221 grams of cocaine.

At trial, defendant's wife testified that the car and drugs belonged to her. She said that she had lent the car to defendant on the day of the incident and that defendant did not know the cocaine was there. She also said that she had left a small purse containing $1,100 or $1,200 in the car.

The jury convicted defendant of knowingly possessing more than twenty-five grams of a controlled substance but acquitted him of possessing the drugs with intent to distribute. The trial court sentenced defendant to four years of intensive supervision probation.

## I.

Defendant first contends that the evidence at trial was insufficient to sustain the jury's finding that he possessed drugs "knowingly," as required by § 18–18–405(1)(a), C.R.S.2003. We disagree.

■ A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable fact finder that the defendant is guilty of the crimes charged beyond a reasonable doubt. *People v. Sprouse*, 983 P.2d 771, 777 (Colo.1999). Resolution of the weight and credibility of the evidence are entrusted to the judgment of the jurors. *People v. Brassfield*, 652 P.2d 588, 592 (Colo. 1982). An appellate court may not set aside a verdict merely because it might have drawn a different conclusion from the same evidence. *Kogan v. People*, 756 P.2d 945, 950 (Colo.1988).

■ To sustain a conviction for possession of a controlled substance, the prosecution must show that "the defendant had knowledge that he was in possession of a narcotic drug and that he knowingly intended to possess the drug." *People v. Stark*, 691 P.2d 334, 339 (Colo.1984). This element may be established circumstantially: if the defendant has exclusive possession of the premises in which drugs are found, the jury may infer knowledge from the fact of possession. *People v. Stark, supra.*

Similarly, knowledge can be inferred from the fact that the defendant is the driver and sole occupant of a vehicle, irrespective of whether he is also the vehicle's owner. *See United States v. Richardson*, 848 F.2d 509, 513 (5th Cir.1988) (knowledge of the presence of contraband may be inferred from the exercise of control over the vehicle in which it is concealed); *Goliday v. State*, 708 N.E.2d 4, 6 (Ind.1999) (defendant was the only person in the borrowed car when the police stopped it; his exclusive possession of the car was sufficient to raise a reasonable inference of knowledge of the presence of contraband); *State v. Smith*, 374 Md. 527, 823 A.2d 664, 667 (2003) (defendant's knowledge of contraband located in a vehicle can be inferred from the fact that the defendant is the driver, whether the defendant actually owns, is merely driving, or is the lessee of the vehicle).

■ Here, the jury could properly infer that defendant knew the drugs were in the car. Defendant was the driver and sole occupant of the car when the police stopped it. In addition to the drugs, the car held a digital gram scale and a wallet that contained a large amount of cash. And when defendant got out of the car, he held a cell phone and a pager. Together, these facts sufficiently support an inference of knowing possession. *Cf. People v. Loggins*, 981 P.2d 630, 636 (Colo.App.1998) (evidence of a pager, a large sum of money, and a calculator was relevant to show defendant's knowing possession of drugs).

Defendant's wife provided testimony that, if believed, would have exonerated defendant. She testified, in effect, that she was the drug dealer and that defendant did not know about the drugs when he borrowed her car. But the jury was free to reject her testimony, and it had reason to do so: defendant's wife had waited for more than a year before claiming ownership of the drugs; she could not remember details about the duffel bag in which the drugs were found, including whether the bag contained a scale; she could not recall the last name or address of the person who had provided the drugs to her; she knew her customer only as "a friend of [her cousin]"; and she was unable to answer basic questions about the price of cocaine.

If the jury disbelieved the wife's testimony, it could logically conclude that defendant knowingly possessed cocaine, for the evidence indicated that the drugs belonged either to defendant or to his wife. *Cf. Eder v. People*, 179 Colo. 122, 125–26, 498 P.2d 945, 947 (1972) (where drugs were found in premises shared by two men, evidence that weakened the inference of possession as to one strengthened the inference as to the other).

Under the circumstances, the evidence was sufficient to support a conclusion by a reasonable fact finder that defendant knowingly possessed the cocaine.

## II.

Defendant next asserts that the trial court abused its discretion in denying his challenges for cause to four prospective jurors. We are not persuaded.

■ A trial court must sustain a challenge for cause if a prospective juror exhibits a state of mind that evinces animosity or bias toward the defendant or the state. But the court is not required to dismiss a prospective juror simply because he or she has indicated a possible source of bias. *People v. Strean*, 74 P.3d 387, 390 (Colo.App.2002); *see People v. Lefebre*, 5 P.3d 295, 300 (Colo.2000). If the court is satisfied that the prospective juror will base the decision on the evidence and will follow the court's instructions, no disqualification should occur. *People v. Lefebre, supra; People v. Strean, supra.*

■ Whether to sustain a challenge for cause is a decision within the trial court's discretion. We will not disturb the trial court's ruling absent an abuse of discretion. *People v. Lefebre, supra.*

■ Defendant argues that two prospective jurors could not render a fair and impartial verdict because they indicated initially that they would give greater weight to the testimony of a police officer than to that of another witness. But when the judge read the relevant jury instruction—noting that it applied the same criteria to "any witness, whether he is a police officer, whether it's a defendant, whether it's a lay witness"—and asked whether any juror felt he or she could

not follow that instruction, no juror raised his or her hand. Under the circumstances, we see no abuse of discretion in denying a challenge for cause to these jurors.

■ Defendant also argues that two other prospective jurors could not render a fair and impartial verdict because they initially indicated that they would prefer the defendant to testify. As to the first juror, the court noted, "I think it's a normal response to say, I would like to hear both sides, but given the discussion that followed, I believe she indicated that she certainly would follow the law in that regard." As to the second juror, the court noted that "she did say she would follow the law, and she seemed very credible when she answered those questions." The record thus demonstrates no abuse of discretion. *See People v. Strean, supra; see also People v. Honeysette*, 53 P.3d 714, 719–20 (Colo.App.2002) (where juror stated that she "would like to hear both sides," but would be able to follow the court's instruction, trial court did not abuse its discretion by denying a challenge for cause).

## III.

Defendant contends that the trial court erred in failing to exclude testimony about the wallet and digital scale found in the car because those items were not available for admission as evidence at trial. We perceive no error.

■ The state's failure to preserve evidence violates due process if (1) the evidence was destroyed by state action, (2) the evidence possessed exculpatory value that was apparent before it was destroyed, and (3) the defendant was unable to obtain comparable evidence by other reasonably available means. *People v. Braunthal*, 31 P.3d 167, 173 (Colo.2001). If the evidence was not apparently exculpatory before it was destroyed, due process is violated only if the police acted in bad faith. *People v. Wyman*, 788 P.2d 1278, 1279 (Colo.1990). The trial court's findings on these issues will not be disturbed if supported by the record. *See People v. Enriquez*, 763 P.2d 1033, 1036 (Colo.1988); *People v. Lesslie*, 939 P.2d 443, 451 (Colo.App.1996).

Here, the wallet was placed with defendant's personal property and later returned to his wife. Assuming, without deciding, that this constitutes destruction by state action, the wallet, like the scale, was not apparently exculpatory when it was destroyed. Defendant made no showing of bad faith on the part of police and thus failed to establish that he was deprived of due process. Accordingly, the trial court properly admitted testimony about the wallet and the scale.

The judgment is affirmed.

Judge NIETO and Judge WEBB concur.