## No. C-1576

## The People of the State of Colorado v. Thomas Leo Ortega

(597 P.2d 1034)

Decided July 9, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Felipe V. Ponce, Assistant, for petitioner.

J. Gregory Walta, State Public Defender, Lee Belstock, Deputy, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

A jury found the defendant guilty of first-degree trespass, section 18-4-502, C.R.S. 1973, and felony theft, section 18-4-401, C.R.S 1973. On appeal the court of appeals held that certain remarks of the prosecutor in closing argument to the jury amounted to impermissible comment upon the fact that shortly after his arrest the defendant had failed to make a detailed exculpatory statement. *People v. Ortega,* 40 Colo. App. 449, 580 P.2d 813 (1978). Holding that these impermissible comments on the defendant's constitutional right to remain silent violated his privilege against self incrimination, that court reversed the conviction and granted a new

trial. We affirm the court of appeals' decision.

Early one morning the driver of a pickup truck lost control of his vehicle and was injured. After calling for aid, he went to a hospital for treatment. Upon returning to his truck about forty-five minutes later, he notice that hand wrenches, a jack, a lug wrench and numerous other items were missing from the truck. He reported the missing items to the police.

Observations by the police led them to obtain a search warrant for a house at which the defendant was present. At the house, the officers saw some of the missing items described in the warrant and thereupon arrested the defendant.

The defendant was advised of his rights and asked if, having those rights in mind, he wished to talk to the officers. He responded in the affirmative. Upon questioning, the defendant stated that the items had been removed from a pickup truck and that he had helped bring them to the house. The officers then began collecting the items. When one officer picked up a tool that had not been removed from the truck, the defendant proceeded to gather the items for the officers.

While the defendant was still being questioned, another individual, whom the defendant already had identified as a co-participant in removing the tools from the pickup, arrived at the house. Despite the marked police cars in front of the house, he entered, and he, too, was arrested. He made a statement to the effect that he and the defendant had removed the tools for safekeeping only.

At trial the defendant's theory of the case was that in removing the tools he and his companion had lacked any intent to steal — in the sense of intent permanently to deprive — since they had sought only to safeguard the items. In his opening argument to the jury the prosecutor, reviewing the circumstances surrounding the defendant's arrest, stated: "We further know, from . . . [Sheriff] Emrie's testimony that he then gave the defendant the full constitutional warning that the law requires, that after having done so, he asked the defendant where he had gotten that stuff, or words to that effect and the defendant said he got them out of the pickup, and Mr. Emrie asked who else was with him and he mentioned the Tysckas. *We know that is all he said. That's all that he told Sheriff Emrie,* that he had taken the things, and that the Tysckas had been with him. *We know* that the *defendant and his friends had an opportunity* not only *to tell Deputy Sheriff Sanchez about this property they had taken,* but even more than that, they had an opportunity, if all they were trying to do was safeguard this material, to save themselves a lot of bother, by simply turning it over to Deputy Sheriff Sanchez when he arrived at the scene." (Emphasis added.)

In our view this constituted improper comment on the defendant's exercise of his right to remain silent. As a result, defense counsel apparently felt compelled to explain the defendant's conduct. In doing so, defense

counsel emphasized to the jury that the totality of the circumstances refuted any intent to steal. He stressed evidence that the items had been taken openly rather than surreptitiously, and that they had not been hidden but rather had been left in a conspicuous pile on the back porch. He suggested that one factor which indicated lack of criminal intent was that the defendant, after being advised of his right to remain silent and understanding that he did not have to talk, proceeded to answer questions.

Apparently the prosecutor concluded that defense counsel's responsive argument had "opened the door" to rebuttal argument that an inference of guilt should be drawn from the incompleteness of the defendant's explanation. In his rebuttal closing, therefore, he magnified the problem by posing to the jury the following series of rhetorical questions:
"Is it reasonable, ladies and gentlemen, in light of your common sense and your every day experience in life, that this defendant didn't have a culpable mental state; if he didn't intend to get into that pickup and steal those things, and if he didn't actually steal them, is it reasonable in light of your common sense, that once he was placed under arrest for theft, that the defendant, a totally innocent Good Samaritan, as the defense counsel calls him, responded to the Sheriff's questions by saying, yes, I took the things, without saying another word? Is it reasonable that the defendant's statement to the Sheriff didn't include a protestation of innocence if he was a totally innocent Good Samaritan?"

■ We hold that the prosecutor's intitial and rebuttal references to the defendant's post-arrest silence violated his constitutional right to a fair trial implicit in the guarantee of due process and abridged his constitutional privilege against self-incrimination. *U. S. Const.*, Amend. V and XIV; *Colo. Const.*, Art. II, sections 18 and 25.

■ Initially we note that the defendant did not interpose any objection to the district attorney's remarks based on his fifth amendment or due process rights. Nor did he raise the issue of improper comment in his motion for a new trial. Nevertheless we here consider the issue since the error was so egregious that it seriously prejudiced the most fundamental guarantee of our justice system, the right to a fair trial. It was, therefore, plain error. C.A.R. 1(d); *Hines v. People,* 179 Colo. 4, 497 P.2d 1258 (1972).

■ Every person accused of a crime has the right to remain silent in the face of a criminal accusation. *U. S. Const.*, Amend. V; *Colo. Const.*, Art. II, section 18. Prosecutorial comment which has the effect of creating an inference of guilt by reference to the defendant's silence during custodial interrogation effectively penalizes the defendant for exercising a constitutional privilege. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *People v. Burress,* 183 Colo. 146, 515 P.2d 460 (1973); *Meader v. People,* 178 Colo. 383, 497 P.2d 1010 (1972); *Hines v. People, supra.* Such remarks "cut[s] down on the privilege by making its assertion costly" and thereby violate the defendant's

right to remain silent. *Griffin v. California,* 380 U.S. at 614, 85 S.Ct. at 1233, 14 L.Ed.2d at 110 (1965).

■ While our courts may often fall short of providing perfect trials, and we may tolerate imperfections which do not result in denying a fair trial, we cannot countenance denial of a fair trial for any litigant.

It would be ironic indeed if a court system which prides itself on fairness should place its imprimatur on a practice of first advising an arrestee of his constitutionally guaranteed right to remain silent, then penalizing him for his silence by allowing the state to argue that his silence constituted an implied admission of guilt. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *People v. Reynolds,* 194 Colo. 543, 575 P.2d 1286 (1978). The Court in *Doyle v. Ohio* succinctly stated:

"When a person under arrest is informed, as *Miranda* requires, that he may remain silent, that anything he says may be used against him, and that he may have an attorney if he wishes, it seems to me that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony . . . . Surely [the defendant] was not informed here that his silence as well as his words, could be used against him at trial. Indeed, anyone would reasonably conclude from *Miranda* warnings that this would not be the case." 426 U.S. at 619, 96 S.Ct. at 2245, 49 L.Ed.2d at 422 *quoting* Mr. Justice White's concurring opinion in *United States v. Hale,* 422 U.S. 171, 182-83, 95 S.Ct. 2133, 2139, 45 L.Ed.2d 99, 108 (1975).

■ In the instant case the prosecutor's comments to the jury manifestly violated the protections assured by the Fifth and Fourteenth Amendments of the United States Constitution and by Article II, sections 18 and 25 of the Colorado Constitution. The comments expressly directed the jury to consider, as evidence of the defendant's guilt, his failure to protest his innocence or to offer an exculpatory statement. We hold that the defendant was deprived of a fair trial by the prosecutor's utilizing his "silence as a means of creating an inference of guilt." *Hines v. People,* 179 Colo. at 7, 497 P.2d at 1260. A new trial must be granted. *People v. Burress, supra; People v. Robles,* 183 Colo. 4, 514 P.2d 630 (1973); *People v. Wright,* 182 Colo. 87, 511 P.2d 460 (1973); *People v. Mingo,* 181 Colo. 390, 509 P.2d 800 (1973); *Martinez v. People,* 162 Colo. 195, 425 P.2d 299 (1967).

The People argue that the prosecutor's comments could not have penalized the defendant for invoking his constitutional right to remain silent because the defendant had previously waived this right. We do not accept this contention.

■ The defendant at trial conceded that his brief statement to the arresting officer, after he had been informed of his right to refrain from responding to questions, was made as a result of a knowing, intelligent and voluntary waiver of his right to remain silent. However, "the mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of his right to refrain from answering further inquiries . . . ." or from volunteering further information, albeit exculpatory information. *Miranda v. Arizona,* 384 U.S. 436, 445, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 707 (1966). The defendant's subsequent silence may well have been a product of a revocation of his initial waiver and a reassertion of his right to remain silent.

The majority in *Doyle v. Ohio, supra,* refused to require any showing by the accused that his silence was in fact a result of invoking his right to remain silent since "every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested." 426 U.S. at 617, 96 S.Ct. at 2244, 49 L.Ed.2d at 97 (1976). The Court recognized that the "unfairness occurs when the prosecution, in the presence of the jury, is allowed to [suggest guilt] on the basis of what may be the exercise of that right." 426 U.S. at 619, n. 10, 96 S.Ct. at 2245, 49 L.Ed.2d at 98 (1976).

The People further contend that the prosecutor's rebuttal remarks were a fair response to defense counsel's comments in his summation. Defense counsel argued that the defendant, by answering the police officers' questions, had indicated his lack of intent to steal. The People assert that the rebuttal intended only to attack the plausibility of the defense's interpretation of the defendant's statements.

■ It is true that a prosecutor is entitled to rebut or explain adverse inferences suggested by the defense as flowing from the defendant's custodial statements. *Tenorio v. People,* 197 Colo. 137, 590 P.2d 952 (1979); *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431 (1965). Nothing in defense counsel's argument here, however, warranted the prosecutor's extensive exhortations in rebuttal suggesting that the defendant's silence justified an inference of guilt. The prosecutor clearly breached his duty to avoid comments that might penalize the defendant for having exercised his Fifth Amendment rights. *People v. Reynolds, supra;* A.B.A., Standards Relating to the Prosecution Function, sections 1.1 and 5.6(b).

Accordingly, we affirm the court of appeals' decision which reversed the trial court and remanded the cause for a new trial.

MR. JUSTICE ROVIRA does not participate.