The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Michael RODGERS,
Defendant-Appellant.

No. 84CA1124.

Colorado Court of Appeals,
Div. I.

Oct. 16, 1986.

Rehearing Denied Nov. 20, 1986.

Certiorari Granted (People)
March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Ilene P. Buchalter, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant appeals from the judgments of conviction entered upon jury verdicts finding him guilty of theft and criminal impersonation. He contends, among other things, that the trial court committed reversible error by refusing to grant a mistrial after the prosecutor used inflammatory language during closing argument. We agree and, therefore, reverse and remand for a new trial.

The evidence at trial showed that, during a conversation in a bar, defendant told his victims that he was Eric Woolfson, a rock musician and member of a well-known band, the Alan Parsons Project. He also told them that he had two automobiles, a Mercedes and a BMW, which he wanted to "give away for tax reasons" and that they could have the automobiles if they would "pay the gift tax." The victims accepted defendant's offer, gave him $1000 toward payment of the "tax" and made plans to fly to California with him to pick up the cars. However, prior to their departure, defendant was arrested.

Shortly after his arrest and advisement of rights, defendant admitted to police that he was not Eric Woolfson, that he had no cars to give away, and that he had planned to steal the money the victims had given him by "losing" them at Stapleton Airport. He also stated that he had used this same "scam" before and that he had made his living doing this for the past ten years.

During closing argument, the prosecutor stated:

"Juries are very controversial entities. As far as attorneys, some attorneys at least, there is a feeling which I will share with you that if you are innocent—rather, if you are guilty, you would want to request a jury because they just may not convict you and if you are innocent you never want to request a jury because they just might convict you."

Immediately after the prosecutor's closing argument, defense counsel moved for a mistrial, asserting that the prosecutor's comments were prejudicial. Although the

trial court noted that the remarks might be improper, it nevertheless denied defendant's motion.

Defendant argues that these comments on his constitutional right to a trial by jury are analogous to a prosecutor's impermissible comments on an accused's exercise of his constitutional right to remain silent and denied him his right to a fair trial. We agree.

 The decision to grant or deny a mistrial rests in the trial court's sound discretion and will not be disturbed on appeal absent a gross abuse of discretion resulting in prejudice to defendant. *People v. Abbott*, 690 P.2d 1263 (Colo.1984); *People v. Hodges*, 624 P.2d 1308 (Colo.1981). In *People v. Ortega*, 198 Colo. 179, 597 P.2d 1034 (1979), however, our supreme court held that prosecutorial comment which creates an inference of guilt in reference to a defendant's silence violates his constitutional privilege against self-incrimination, thus denying him a fair trial.

The right to a trial by jury in criminal cases is also a protected constitutional right guaranteed by the Sixth Amendment and Colo. Const. Art. II, § 23. *See People v. Evans*, 44 Colo.App. 288, 612 P.2d 1153 (1980). We see no significant difference between the impropriety of a prosecutor's comments on a defendant's exercise of his right to remain silent and a prosecutor's comments on a defendant's exercise of his equally fundamental right to a jury trial.

There is no such thing as a perfect trial, and each trial contains imperfections which do not result in the denial of a fair trial. The imperfection here, however, did deny defendant a fundamental right and requires reversal of defendant's conviction. To do otherwise would be to engage in the hypocrisy of allowing a court system, which prides itself on fairness, to place its imprimatur on a practice of first guaranteeing to a defendant the right to a jury trial, then penalizing him for his exercise of that right by allowing comment to the jury that such an exercise is tantamount to an admission of guilt. *See People v. Ortega, supra.* Consequently, we hold that the prosecutor's comments, which directly raised an inference of guilt from defendant's exercise of his constitutional right to a jury trial, violated defendant's free exercise of that right and operated to deny him his right to a fair trial. Accordingly, a mistrial should have been granted.

We do not address defendant's assertion of error based upon the prosecutor's comments on defendant's past criminality—as exacerbated by the trial court's remarks to the jury—as it is unlikely to arise on retrial. *See Callis v. People*, 692 P.2d 1045 (Colo.1984). Defendant's other contentions are without merit.

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and STERNBERG, JJ., concur.