No. 3--97--0247

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1997

THE PEOPLE OF THE ) Appeal from the Circuit Court

STATE OF ILLINOIS, ) for the 18th Judicial Circuit ) Du Page County, Illinois 

Plaintiff-Appellee, )

)

v. ) No. 95--DT--4670

) 

VINCE E. GALLEGOS, ) Honorable

) Kenneth W. Torluemke,  

Defendant-Appellant. ) Judge Presiding

JUSTICE HOMER delivered the opinion of the court:

After a bench trial, the defendant was convicted of driving under the influence of alcohol (625 ILCS 5/11--501 (West 1994)).  On appeal, he contends that the 1995 amendment to section 5/1--6 of the Criminal Code of 1961 (720 ILCS 5/1--6 (West Supp. 1995)), which provides that the State is no longer required to prove venue at trial, is unconstitutional.  He argues, therefore, that his conviction must be reversed because the State failed to prove venue beyond a reasonable doubt.  We affirm.

FACTS

On December 17, 1995, Elk Grove Village Police Officer Frank Vrchota came upon the disabled vehicle of the defendant, Vince Gallegos, near the county line dividing Du Page and Cook Counties.  The defendant was charged in Du Page County with driving too fast for conditions (625 ILCS 5/11--601(a)(West 1994)), improper lane usage (625 ILCS 5/11--708 (West 1994)), leaving the scene of an accident involving property damage (625 ILCS 5/11--402 (West 1994)), and driving under the influence of alcohol (625 ILCS 5/11--501 (West 1994)).

The case proceeded to a bench trial.  After completion of the State's case, the defendant moved for a directed verdict contending that the State failed to prove venue.  In response, the State asserted that the 1995 amendment of section 5/1--6 of the Criminal Code of 1961 (the Criminal Code) (720 ILCS 5/1--6 (West Supp. 1995)) removed venue as an element of a criminal offense and that all objections to place of trial are waived unless raised prior to trial.  However, the defendant argued that the amendment was unconstitutional because it violated the separation of powers doctrine.

The trial court denied the defendant's motion for directed verdict finding that although the State had failed to prove venue beyond a reasonable doubt, it was not required to do so.  Following the court's ruling, the defendant rested.  He was found guilty of driving under the influence of alcohol and not guilty of the other charged offenses.  He was sentenced to one year of court supervision, ordered to attend alcohol counseling, and assessed a fine of $300 plus costs.  The instant appeal followed.

ANALYSIS

The sole issue on appeal is whether the enactment of the 1995 amendment to section 5/1--6 of the Criminal Code (720 ILCS 5/1--6 (West Supp. 1995)) was unconstitutional.  On review, this court presumes that all statutes are constitutional.  Based upon this presumption, the party challenging a statute has the burden of clearly establishing the alleged constitutional violation.  
People v. Anderson
, 148 Ill. 2d 15, 22, 591 N.E.2d 461, 464-65 (1992).

The defendant contends that the State's obligation to prove venue beyond a reasonable doubt is a "penumbra" of a defendant's constitutional right to trial by jury (Ill. Const. 1970, art. I, §8).  He also argues that this obligation flows from judicial interpretation of our constitution and that it cannot be revoked by the legislature absent a constitutional amendment.  He asserts, therefore, that the legislature's attempt do so by its amendment of section 5/1--6 of the Criminal Code constituted a violation of the separation of powers doctrine (Ill. Const. 1970, art. II, §1).  We disagree. 

At common law, venue was defined as that particular county, or geographical area, in which a court with jurisdiction may hear and determine a case.  See Black's Law Dictionary 1557 (6th ed. 1990).  In Illinois, venue in criminal cases has emerged as having two separate elements, one procedural and the other substantive.  
People v. Carroll
, 260 Ill. App. 3d 319, 327, 631 N.E.2d 1155, 1160 (1992).  The distinction between these two elements is dispositive of the issue at hand. 

The procedural aspect of venue is rooted in the Illinois Constitution of 1970 which provides that a person accused of a crime in this state is entitled "to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed."  Ill. Const. 1970, art. I, §8.  This provision has been interpreted to mean that the accused has a right to be tried in the county where the charging instrument alleges that the offense took place.  
Carroll
, 260 Ill. App. 3d at 327, 631 N.E.2d at 1160.  Although the constitution conferred this right upon all defendants, its judicial interpretation reveals that this right was never intended to be unequivocal.  See 
Carroll
, 260 Ill. App. 3d at 327, 631 N.E.2d at 1160.  Rather, the right is a "privilege" of the accused that may be waived.  Therefore, it has long been held that all objections of improper place of trial are waived unless raised prior to trial.  
People v. McClellan
, 46 Ill. App. 3d 584, 587, 360 N.E.2d 1225, 1227 (1977).  

Consistent with this longstanding interpretation of the  procedural aspect of venue, the legislature enacted section 5/1--6 of the Criminal Code 
which defines the place of trial in particular circumstances.  Prior to its amendment in 1995, section 5/1--6 provided, in pertinent part:  

"(a)  Generally.

Criminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law.   All objections of improper place of trial are waived by a defendant unless made before trial."  720 ILCS 5/1--6(a) (West 1994).

In contrast, the substantive aspect of venue at common law placed an obligation upon the State to prove that the offense took place in the county in which the State alleged it took place.  Therefore, it was through the development of the common law that venue became a material allegation of every criminal offense, an allegation which the State was obligated to prove beyond a reasonable doubt with the other elements of an offense.  See 
People v. Hagan
, 145 Ill. 2d 287, 300, 583 N.E.2d 494, 500 (1991).  Unlike the procedural element, the substantive element of venue could give rise to a "failure of proof," an issue which may be raised for the first time on appeal because the State's failure to prove a necessary element is fatal to a conviction.  
Carroll
, 260 Ill. App. 3d at 327, 631 N.E.2d at 1160; 
People v. Manley
, 196 Ill. App. 3d 153, 155, 552 N.E.2d 1351, 1353 (1990). 

The defendant relies upon our supreme court's decision in 
People ex rel. Daley v. Joyce
, 126 Ill. 2d 209, 533 N.E.2d 873 (1988), to support his contention that the obligation of the State to prove venue derives from the constitutional right to a trial by jury.  In 
Joyce
, our supreme court invalidated an amendment to section 115--1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115--1), which required consent by the State to a defendant's jury waiver in felony drug prosecutions.  The court held that the amended statute violated the defendant's right to a jury trial, which included his right to waive a jury.  
Joyce
, 126 Ill. 2d at 222, 533 N.E.2d at 879.  We decline to accept the defendant's far reaching interpretation of 
Joyce
.

 We have found no authority supporting the defendant's argument that the State's obligation to prove venue at trial is a constitutionally guaranteed extension of the right to trial by jury.  Instead, our research reveals that proof of venue as a material element of an offense was an independent obligation placed upon the State by the common law.  See 
Rice v. People
, 38 Ill. 435 (1865); 
Campbell v. People
, 109 Ill. 565 (1884); 
Dougherty v. People
, 118 Ill. 160, 165, 8 N.E. 673, 674 (1886); 
People v. O'Gara
, 271 Ill. 138, 142, 110 N.E. 828, 828 (1915); 
People v. Strook
, 347 Ill. 460, 465, 179 N.E. 821, 821-22 (1932); 
People v. Allen
, 413 Ill. 69, 76, 107 N.E.2d 826, 829 (1952); 
People v. Pride
, 16 Ill. 2d 82, 86, 156 N.E.2d 551, 553 (1959); 
People v. McClain
, 60 Ill. App. 3d 320, 322-23, 376 N.E.2d 774, 776 (1978); 
People v. Smith
, 91 Ill. App. 3d 242, 245, 414 N.E.2d 751, 753 (1980); 
Carroll
, 260 Ill. App. 3d at 327, 631 N.E.2d at 1160
. 

In 1995, the legislature eliminated this common law element of venue by amending section 5/1--6(a) as follows:

"(a)  Generally.

Criminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law.  
The State is not required to prove during trial that the alleged offense occurred in any particular county in this State.
  When a defendant contests the place of trial under this Section, all proceedings regarding this issue shall be conducted under Section 114--1 of the Code of Criminal Procedure of 1963.  All objections of improper place of trial are waived by a defendant unless made before trial."  (Emphasis added.)  720 ILCS 5/1--6(a) (West Supp. 1995).

In considering the constitutionality of a statute, this court is not at liberty to inquire into the motives of the legislature, but may only examine the legislature's powers under the constitution.  The Illinois General Assembly has broad discretion in defining the elements that constitute a crime.  See 
People v. Arna
, 168 Ill. 2d 107, 114, 658 N.E.2d 445, 449 (1995); 
People v. Terrell
, 132 Ill. 2d 178, 216, 547 N.E.2d 145, 161 (1989).  The legislature also has the inherent power to repeal or change the common law, or do away with all or part of it.  
People v. Gersch
, 135 Ill. 2d 384, 395, 553 N.E.2d 281, 286 (1990).  Contrary to the defendant's assertions, we determine that the substantive element of venue is neither a derivative right of the constitutional right to a jury trial nor an obligation that flows from judicial interpretation of the constitution.  Therefore, its extinguishment by the legislature does not constitute a violation of the separation of powers doctrine.  

Having concluded that the substantive element of venue is rooted in the common law and not the constitution, it becomes unnecessary to address defendant's additional contention that the statute is invalid because of its failure to ensure the defendant's knowing and intentional waiver of a constitutional right.  We also find unavailing the defendant's contention that application of the amended statute to him violates the 
ex
 
post
 
facto
 clause of the Illinois Constitution (Ill. Const. 1970, art. I, §16).  Because the amendment to section 5/1--6 became effective on August 11, 1995, and the alleged offense took place on December 17, 1995, the defendant's argument has no merit.  

Finally, the defendant argues that upholding this law will allow prosecutors unbridled discretion to bring charges in their counties against any individual who allegedly commits a crime in some other county.  He suggests that this expansion in authority will permit unscrupulous State's Attorneys to fulfill personal agendas by wielding their power to bring charges across county lines.  However, well-established Illinois statutory and common law limitations on State's Attorneys' authority to commence prosecutions remain unaltered by the subject legislation.  See 55 ILCS 5/3--9005(a) (West 1996) (Powers and Duties of State's Attorneys); 720 ILCS 5/1--6 (West 1996) (Place of Trial); 730 ILCS 5/5--4--2 (West 1996) (Multiple Offenses); 
People v. Mueller
, 130 Ill. App. 3d 385, 389, 474 N.E.2d 434, 437, 
aff'd on other grounds
 109 Ill. 2d 378, 488 N.E.2d 523 (1985).  Also, although venue is no longer an element of the offense, the county in which the crime is alleged to have taken place must still be set forth in the charging instrument in order to confer jurisdiction on the trial court in such county.  See 725 ILCS 5/111--3(a)(4) (West 1996); 
People v. Hill
, 68 Ill. App. 2d 369, 373, 216 N.E.2d 212, 214 (1966).  An action filed in the wrong county remains subject to a motion to dismiss pursuant to section 5/114--1(a)(7) of the Code of Criminal Procedure of 1963.  725 ILCS 5/114--1(a)(7) (West 1996).  

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LYTTON, P.J., and SLATER, J., concur.