**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY MARQUEZ,

        Petitioner - Appellant,

v.

RICK LINE, Warden, Arkansas Valley
Correctional Facility; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 15-1009
(D.C. No. 1:14-CV-01313-WJM)
(D. Colorado)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

      Petitioner Anthony Marquez, a Colorado prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his request for

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas relief under 28 U.S.C. § 2254. We deny the petition for COA and dismiss the appeal.

Mr. Marquez was charged with theft, which he carried out by convincing a seventy-six-year-old man to give him approximately $70,000 over a three-month period in 2005. Mr. Marquez told the victim, Richard Collins, that he needed the money to pay his mother's hospital bills. In fact, Mr. Marquez's mother was not hospitalized. After investigating complaints made by employees at the victim's bank, police obtained a warrant for Mr. Marquez's arrest. As police were executing the arrest warrant, they discovered 195 grams of crack cocaine, nearly $9,000 in cash, and drug paraphernalia. A Colorado jury convicted Mr. Marquez on two counts: (1) third-degree theft and (2) possession of a controlled substance with intent to distribute.[1] Mr. Marquez seeks relief pursuant to 28 U.S.C. § 2254 on the ground the evidence introduced at trial was insufficient to support his convictions.[2]

---

[1] The jury originally convicted Mr. Marquez on four counts: (1) theft, (2) theft from an at-risk victim, (3) possession of a controlled substance, and (4) possession of a controlled substance with intent to distribute. On direct appeal, the Colorado Court of Appeals merged the two theft convictions into a single conviction of third-degree theft and merged the two drug convictions into a single conviction for possession with intent to distribute. Thus, Mr. Marquez's remaining convictions are for third-degree theft and possession with intent to distribute.

[2] In the district court, Mr. Marquez brought five claims for relief. The district court determined four of the claims were procedurally barred or moot. Mr. Marquez has not appealed these claims, and we do not discuss them further.

### *A. Legal Standard*

This court will issue a COA "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Further, a writ of habeas corpus will not issue on any claim adjudicated on the merits by a state court

> unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), the threshold question is whether Mr. Marquez "seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). If a clearly established rule of federal law is implicated, Mr. Marquez must also demonstrate that the Colorado court's decision "was contrary to, or involved an unreasonable application of," that clearly established rule. 28 U.S.C. § 2254(d)(1); *see also Williams*, 529 U.S. at 391. Further, a state court's factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Mr. Marquez argues his state conviction violates the principle established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). In *Jackson*, the Supreme

Court held "that a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." *Id.* at 321. Accordingly, the Court held "that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324. In carrying out this analysis, "the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* at 319. To the extent a sufficiency claim relies on an interpretation of state law, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

### B. Application to Mr. Marquez's Convictions

In his § 2254 petition, Mr. Marquez argues the evidence adduced at his Colorado trial was insufficient to sustain his convictions for third-degree theft and possession with intent to distribute. We address each conviction in turn.

-4-

**1. Mr. Marquez's Third-Degree Theft Conviction**

Under Colorado law in effect at the time of Mr. Marquez's conviction, "[a] person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by . . . deception, and . . . [i]ntends to deprive the other person permanently of the use or benefit of the thing of value." Colo. Rev. Stat. § 18-4-401(1)(a) (2007); *see also People v. Marquez*, No. 06CA1701, at 2-3 (Colo. App. Mar. 18, 2010) (unpublished) (quoting Colorado Revised Statutes § 18-4-401(1)(a)). The penalty provision in effect at the time classified the theft of property worth $15,000 or more as a class three felony. Thus, Colorado was required to demonstrate that Mr. Marquez knowingly obtained control of the victim's property—valued at $15,000 or more—by deception and intended to permanently deprive the victim of that property.

Mr. Marquez argues the evidence was insufficient to convict him because, on one occasion, Mr. Marquez returned to Mr. Collins money Mr. Marquez had briefly possessed. According to Mr. Marquez, his return of the money proves he did not intend to permanently deprive Mr. Collins of the property. We disagree.

Mr. Marquez's argument ignores the substantial evidence introduced at trial that demonstrated his intent to deprive Mr. Collins of substantial sums of money through deception. It is undisputed that Mr. Collins withdrew approximately $70,000 in cash from his bank account over a three-month period. He told bank employees and the police on several occasions that he was withdrawing the cash to give to a friend so the friend could pay his mother's hospital bills. Mr. Collins identified Mr. Marquez as the friend to whom

he had given all of the money. Bank employees testified that Mr. Marquez accompanied Mr. Collins to the bank on one occasion, at which time Mr. Marquez claimed, falsely, that Mr. Collins was his father. And though Mr. Marquez did return Mr. Collins's money on that occasion, he did so only after bank employees informed Mr. Marquez that they had called the police and ordered him to return the money. Finally, Mr. Marquez's mother testified at trial that she had never been hospitalized and that Mr. Marquez had never given her any money for medical bills.[3]

Based on these facts, the Colorado Court of Appeals determined Mr. Marquez's conviction for theft was supported by sufficient evidence. And we cannot say on this record that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *See Jackson*, 443 U.S. at 324. The jury could reasonably infer from the testimony adduced at trial that Mr. Marquez lied to Mr. Collins—who was a vulnerable adult—in order to induce him to withdraw over $70,000 and to give that money permanently to

---

[3] Mr. Marquez also argues Mr. Collins's testimony was unreliable because Mr. Collins was unable to identify Mr. Marquez in court and was confused as to why he had withdrawn such substantial amounts. But the jury was aware of Mr. Collins's inability to identify Mr. Marquez and of his confusion on the stand. And Mr. Collins had previously identified Mr. Marquez as the friend to whom he had given the money. Moreover, bank employees identified Mr. Marquez as the man who had accompanied Mr. Collins to the bank on a previous occasion. The jury was entitled to rely on Mr. Collins's earlier identification, as well as the identification made by the bank employees.

Additionally, Mr. Collins's confusion on the stand likely emphasized for the jury his vulnerable status. Rather than undermining the sufficiency of the evidence used to convict Mr. Marquez, Mr. Collins's vulnerability merely highlighted Mr. Collins's mental health issues, which caused Mr. Marquez's scheme to be successful.

Mr. Marquez. Because Mr. Marquez has not met his burden of demonstrating the Colorado court's holding was an unreasonable application of the Supreme Court's precedent in *Jackson*, we deny Mr. Marquez's request for a COA on this claim.

### 2. Mr. Marquez's Possession with Intent to Distribute Conviction

In Colorado, "it is unlawful for any person knowingly to . . . possess, or to possess with intent to . . . distribute a controlled substance." Colo. Rev. Stat. § 18-18-405(1)(a) (2007). Moreover, defendants are subject to mandatory minimum sentences for possession of cocaine weighing "[a]t least twenty-five grams . . . but less than four hundred fifty grams." *Id.* § 18-18-405(2)(a)(I)(A), (3)(a)(I); *id.* § 18-18-204(2)(a)(IV) (defining cocaine as a schedule II controlled substance under Colorado law).

After law enforcement officers obtained a warrant for Mr. Marquez's arrest, they located him outside his girlfriend's apartment. As officers approached the apartment, they spotted Mr. Marquez wearing distinctive black pants with red stripes. Upon seeing the officers, Mr. Marquez ran back inside the apartment, where he changed his pants. He then attempted to flee, but was quickly apprehended. An investigator searched the apartment and found the black and red pants on the floor of a bedroom. Upon searching the pockets of the pants, the investigator found more than 195 grams of crack cocaine and almost $9,000 in cash. Officers also discovered a digital scale and other drug paraphernalia in the apartment.

Mr. Marquez argues this evidence was insufficient to support his conviction on the "possession" element and the "intent to distribute" element. Specifically, Mr. Marquez

-7-

argues the government cannot show he possessed the drugs found in the pants because he was not wearing the pants at the time the drugs were discovered and other adults in the apartment had access to the pants. Further, Mr. Marquez argues there was no evidence of an intent to distribute the cocaine.

To prove the "possession" element of possession with intent to distribute in Colorado, the prosecution must demonstrate the defendant "had knowledge that he was in possession of a narcotic drug and that he knowingly intended to possess the drug." *People v. Baca*, 109 P.3d 1005, 1007 (Colo. App. 2004). But the prosecution is allowed to prove these elements by circumstantial evidence. *People v. Robinson*, 226 P.3d 1145, 1154 (Colo. App. 2009). "The drug need not be found on the person of the defendant, as long as it is found in a place under his or her dominion and control." *Id.* But when drugs are found in circumstances in which multiple people could be possible possessors, a jury may not infer the defendant possessed the drugs "unless there are statements or other circumstances tending to buttress the inference of possession." *Id.* (internal quotation marks omitted).

In this case, officers observed Mr. Marquez wearing distinctive black pants with red stripes. Mr. Marquez ran when he saw the officers approaching and changed into different pants. Officers discovered 195 grams of crack cocaine and nearly $9,000 in cash in the pocket of the pants Mr. Marquez was observed wearing only moments prior to the search. Officers also discovered a digital scale and drug paraphernalia in the apartment. From this evidence the jury could reasonably infer Mr. Marquez had knowledge of the

crack cocaine and cash in his pockets and intended to evade discovery of those items by changing his pants. These circumstances tend "to buttress the inference of possession" sufficiently to allow the jury to infer Mr. Marquez—and not one of the other adults in the apartment—possessed the 195 grams of cocaine.

As to the "intent to distribute" element, Colorado courts have established a variety of factors—including the quantity of narcotics found, whether the defendant had substantial amounts of cash, and whether other drug paraphernalia were present—that indicate an intent to distribute. *See People v. Atencio*, 140 P.3d 73, 76 (Colo. App. 2005) (holding that 109 grams of packaged cocaine and methamphetamine sufficient to show intent to distribute); *People v. Trusty*, 53 P.3d 668, 672, 678 (Colo. App. 2001) (holding that presence of 50–100 rocks of crack cocaine, $600 in cash, and a pager were sufficient to demonstrate intent to distribute). In this case, officers found a substantial amount of drugs and cash in Mr. Marquez's pants. Moreover, a digital scale and other drug paraphernalia were found in the apartment. On these facts and viewing the evidence in the light most favorable to the jury's verdict, we cannot say that no reasonable jury could conclude Mr. Marquez possessed the cocaine with intent to distribute. Accordingly, we deny Mr. Marquez's request for a COA on this claim.

To conclude, Mr. Marquez has not demonstrated the Colorado Court of Appeals unreasonably applied the Supreme Court's precedent in *Jackson*. The Colorado court applied the proper legal standard and, based on its factual findings, concluded the evidence was sufficient to support a conviction. We presume these factual findings are

correct unless rebutted by clear and convincing evidence. Mr. Marquez has not made such a showing. Viewing the evidence in the light most favorable to the prosecution, Mr. Marquez has failed to demonstrate his entitlement to habeas relief.

We DENY Mr. Marquez's request for COA and DISMISS this appeal. Finally, we GRANT Mr. Marquez's request to proceed in forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge